UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW COHEN,
                      Plaintiff,

          -v-

LIFE INSURANCE COMPANY OF
NORTH AMERICA,
                      Defendant.

17-CV-9270 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Andrew Cohen brought this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to press a claim that Defendant Life Insurance Company of North America ("LINA") had improperly refused to pay him long-term disability benefits under a policy LINA had issued to Cohen's employer. (*See* Dkt. No. 1.) After discovery had begun (*see* Dkt. No. 12), the parties settled Cohen's claim (*see* Dkt. Nos. 17–18). Cohen now moves for an award of attorney's fees, costs, and prejudgment interest. (Dkt. No. 21.) For the reasons that follow, Cohen's motion is granted in part and denied in part.

I.    **Background**

    Plaintiff Andrew Cohen worked as a financial executive until he suffered an April 29, 2016 spinal injury that disabled him from continuing in that position. (Dkt. No. 24 ¶¶ 4–6.) Following the injury, Cohen filed for long-term disability benefits pursuant to a group insurance policy LINA had issued Cohen's employer. (Dkt. No. 24 ¶ 9.) LINA denied Cohen's claim on April 14, 2017, and on November 27, 2017, after LINA failed to resolve Cohen's administrative appeal within the required timeframe, Cohen filed suit against LINA in this Court. (Dkt. No. 24 ¶¶ 11, 13–15; *see also* Dkt. No. 1.) Cohen's one-count complaint alleged that LINA's refusal to

1

pay disability benefits breached the terms of the insurance policy LINA had issued Cohen's employer and that Cohen was entitled to relief under ERISA. (Dkt. No. 1 ¶¶ 24–29.)

LINA answered Cohen's complaint on February 5, 2018 (Dkt. No. 10), and discovery began soon afterward (*see* Dkt. No. 12). Following an exchange of initial discovery, Cohen and LINA held a June 19, 2018 mediation session before a privately retained mediator. (Dkt. No. 24 ¶¶ 17–18; *see also* Dkt. No. 13.) A few months later, LINA advised Cohen that it had decided to "overturn [its] prior decision" and to retroactively approve his benefits application. (Dkt. No. 24-2.) On August 17, 2018, the parties reported to the Court that they had reached a settlement in principle (Dkt. No. 17), and the Court accordingly dismissed the case a few days later, without prejudice to restoring the action to the Court's calendar upon timely motion (Dkt. No. 18).

On September 21, 2018, Cohen moved for attorney's fees, costs, and prejudgment interest. (Dkt. No. 21.) Specifically, Cohen requested $47,278.75 in attorney's fees, $710.49 in litigation costs, and $9,357.53 in prejudgment interest on the benefits LINA had withheld prior to the settlement. (Dkt. No. 24-3; Dkt. No. 24-6 at 13, 15; Dkt. No. 24-7.) LINA thereafter filed a partial opposition to Cohen's motion, raising no objection to Cohen's request that he be awarded attorney's fees and costs, but contending that the dollar amount of Cohen's requested fee award was excessive and that Cohen was not entitled to prejudgment interest. (Dkt. No. 26 at 9.) Cohen filed a reply on October 9, 2018, reaffirming his initial request and making a further request for an additional $10,631.25 in attorney's fees that had accrued in connection with the litigation over the motion for fees, costs, and prejudgment interest. (Dkt. No. 27.)

The Court now turns to the merits of Cohen's motion.

**II.    Legal Standard**

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Second Circuit has made clear that

"granting a prevailing [ERISA] plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'" *Donachie v. Liberty Life Assurance Co. of Bos.*, 745 F.3d 41, 47 (2d Cir. 2014) (quoting *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983)). Likewise, a successful plaintiff "may recover 'reasonable out-of-pocket' expenses incurred during litigation as part of [an] attorneys' fee award." *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2015 WL 7271565, at *6 (S.D.N.Y. Nov. 12, 2015) (quoting *Berry v. Deutsche Bank Tr. Co. Ams.*, 632 F. Supp. 2d 300, 306 (S.D.N.Y. 2009)). Finally, the Second Circuit has acknowledged that ERISA also authorizes the district court, in its discretion, "to award prejudgment interest to a successful ERISA claimant." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 53–54 (2d Cir. 2009).

### III. Discussion

As noted, Cohen seeks an award of attorney's fees, costs, and prejudgment interest. The Court addresses each component of the requested award in turn.

#### A. Attorney's Fees

Cohen first seeks a total of $57,910 in attorney's fees, with $47,278.75 made up of fees accrued in litigating the underlying action and the remaining $10,631.25 made up of fees accrued in litigating the instant motion for fees, costs, and prejudgment interest. (Dkt. No. 27 at 4.)

LINA never disputes that Cohen "obtained 'some degree of success on the merits'" and so is eligible for an award of attorney's fees under ERISA. *Donachie*, 745 F.3d at 46 (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010)). Nor does LINA suggest any other consideration that might cause this Court to exercise its discretion to deny an award despite Cohen's success in the underlying litigation. The Court therefore concludes that ERISA entitles Cohen to "a reasonable attorney's fee," 29 U.S.C. § 1132(g)(1), including "attorneys' fees for preparing the fee application" itself, *Pig Newton, Inc. v. Bds. of Dirs. of the Motion*

*Picture Indus. Pension Plan*, No. 13 Civ. 7312, 2016 WL 796840, at *9 (S.D.N.Y. Feb. 24, 2016).

The question of what dollar amount represents a reasonable award, however, is subject to greater contention. Typically, "[c]ourts calculate the presumptively reasonable fee by multiplying the reasonable number hours that the case required by the reasonable hourly rates" of the legal professionals involved. *Id.* at *3. Cohen has submitted affidavits attesting to the reasonableness of the rates charged by the attorneys and paralegals who worked on his case (*see* Dkt. No. 24-4 ¶ 17; Dkt. No. 24-5 ¶ 14), along with timesheets accounting for the number of hours expended on the case (Dkt. No. 24-6; Dkt. No. 28-1). LINA never disputes the reasonableness of the hourly rates underlying Cohen's fee request, but it argues that the timesheets submitted fail to establish the reasonableness of the number of hours spent on this case. (Dkt. No. 26 at 3–7.)

The Court agrees with LINA that, in many instances, the timesheets submitted by Cohen's attorneys reflect an unreasonable amount of time devoted to basic ministerial tasks. Part of the problem, no doubt, lies with counsel's "practice of billing in quarter-hour segments," which "tends substantially to overstate the amount of time spent when many tasks require only a short time span to complete, and . . . adds an upward bias" to the number of hours claimed. *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, No. 07 Civ. 7983, 2011 WL 8955840, at *8 (S.D.N.Y. Apr. 7, 2011) (report and recommendation) (second quoting *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, No. 05 Civ. 6757, 2009 WL 466136, at *4 (S.D.N.Y. Feb. 25, 2009)), *adopted*, 2012 WL 3871394 (S.D.N.Y. Sept. 6, 2012). For example, an entry dated November 28, 2017, reflects fifteen minutes spent "[r]eview[ing] [Electronic Case File] Notices regarding case opening changes and Judges assigned." (Dkt. No. 24-6 at 2.) And an

4

entry dated February 5, 2018, reflects fifteen minutes spent "[r]eceiv[ing] Answer and Corporate Disclosure Statement from Court and sav[ing] to system." (Dkt. No. 24-6 at 3.) Such straightforward tasks need not have taken more than a minute or two.

In other instances, redactions or vagueness make it difficult for the Court to assess whether certain timesheet entries reflect a reasonable use of attorney and paralegal time. For example, an entry dated February 8, 2018, shows fifteen minutes spent "[a]ddress[ing] various issues related to litigation" without any elaboration. (*Id.*) And a heavily redacted entry from February 27, 2018, that led to a requested $1,237.50 in fees, reads, "In anticipation of telephone conversation with client later in day, [REDACTED]. Additionally, review of client's [REDACTED], reviewed [REDACTED]. Drafted email to client regarding same." (Dkt. No. 24-6 at 5.) While the Court acknowledges that limited redaction may be necessary to protect the confidentiality of attorney-client communications, excessive redaction can "complicate efforts to comprehensively assess the reasonableness of the fees" where it leaves the Court without a basis for gaining even a general sense of how an attorney's time was spent. *Protoons Inc. v. Reach Music Publ'g, Inc.*, No. 09 Civ. 5580, 2016 WL 680543, at *13 (S.D.N.Y. Feb. 19, 2016).

With these deficiencies in mind, the Court has reviewed the submitted timesheets and has identified forty-six entries, totaling $11,763.75, that are too vague or incomplete to allow the Court to assess their reasonableness or that reflect hours that are excessive in relation to the work performed. While the Court has no doubt that these entries do correspond to some amount of compensable work, the Court will disallow in full the requested fees associated with these entries in order to compensate for the fact that many other timesheet entries (albeit less drastically) evidence the same sort of imprecision, inflation, and vagueness that afflict the disallowed entries. And although the Court has not adopted the approach of making an across-the-board reduction of

5

the requested award, the Court notes that $11,763.75 represents just over 20% of the requested $57,910 and thus is in line with the amount the Court might have deducted had it taken an across-the-board approach. *See, e.g.*, *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (reducing a requested award by 25% due to "instances of block billing, vagueness, and excess"); *Trs. of Bricklayers & Allied Craftworkers Local 5 N.Y. Ret. v. Helmer-Cronin Constr., Inc.*, No. 03 Civ. 0748, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (reducing the hours billed by 20% where the "record [was] replete with vague entries").[1]

The Court therefore concludes that Cohen is entitled to an award of attorney's fees in the amount of $46,146.25.

**B.    Costs**

Cohen next seeks to recover $710.49 in litigation expenses that consist of filing fees, costs related to the service of process, and research costs. (Dkt. No. 24-7; *see also* Dkt. No. 25 at 12–13.) LINA has made no objection to Cohen's requested costs (*see* Dkt. No. 27 at 4), and the Court concludes that the costs Cohen seeks are properly recoverable, *see James v. Nat'l R.R. Passenger Corp.*, No. 02 Civ. 3915, 2005 WL 6182322, at *22 (S.D.N.Y. Mar. 28, 2005) ("Legal research costs are recoverable in an application for attorneys' fees."); *Arnone v. CA, Inc.*, No. 08 Civ. 4458, 2009 WL 585841, at *2 (S.D.N.Y. Mar. 6, 2009) (including "docket fees" and "service costs" among those costs that are appropriately awarded to a prevailing party).

Cohen is therefore entitled to an award of costs in the amount of $710.49.

---

[1] In a footnote, LINA suggests that the Court should further discount "[a]ll time devoted to preparing discover[y]" because the discovery Cohen sought "was entirely inappropriate for an ERISA matter." (Dkt. No. 26 at 3 n.1.) This unelaborated argument, however, gives the Court no basis for concluding that the fees Cohen's counsel incurred in connection with discovery matters were particularly unreasonable.

C.     **Prejudgment Interest**

Finally, Cohen seeks an award of prejudgment interest in the amount of $9,357.53 to account for the period during which LINA withheld his benefits payments. (Dkt. No. 24-3; *see also* Dkt. No. 25 at 13–14.)

The Second Circuit has noted that "prejudgment interest is an element of [the plaintiff's] complete compensation." *Slupinski*, 554 F.3d at 54 (alteration in original) (internal quotation marks omitted) (quoting *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000)). In deciding whether to award interest, and at what rate, the Court weighs "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant." *Id.* at 55 (quoting *Jones*, 223 F.3d at 139).

To begin with, LINA appears to suggest that Cohen is not entitled to any prejudgment interest at all. (Dkt. No. 26 at 9.) However, LINA makes no argument as to why this Court should "ignore the time value of money, and the benefit that [Cohen] could have derived from" his disability payments "had the funds been issued at the appropriate time and invested during the pendency of his proceedings." *Alfano v. CIGNA Life Ins. Co. of N.Y.*, No. 07 Civ. 9661, 2009 WL 890626, at *6 (S.D.N.Y. Apr. 2, 2009). In the usual case, "a monetary award does *not* fully compensate for an injury *unless it includes an interest component*," *Slupinski*, 554 F.3d at 54 (quoting *Kansas v. Colorado*, 533 U.S. 1, 10 (2001)), and there is no reason to doubt that such is true here. The Court therefore concludes that Cohen is entitled to prejudgment interest.

The Court next turns to the question of the appropriate interest rate. Although Cohen urges this Court to adopt the 9% interest rate that applies in New York's state courts, *see* N.Y. C.P.L.R. § 5004, LINA contends that a 9% interest rate results in an "excessive" award that is impermissibly punitive (*compare* Dkt. No. 25 at 13–14, *with* Dkt. No. 26 at 8). In resolving this

7

question, the Court is mindful that "[t]here is no *federal* statute that purports to control the rate of prejudgment interest" associated with federal claims pursued in federal court. *Jones*, 223 F.3d at 139 (emphasis added). Instead, as noted above, a district court enjoys discretion in determining the appropriate rate, upon the consideration of factors that include the need to provide adequate compensation, the need to promote fairness and equity, and ERISA's remedial purposes. *See id.*

As for the need to compensate Cohen for his damages, the federal prime interest rate at all times relevant to his claim hovered between 3.5% and 5%. Cohen has offered no particular reason why New York's statutory rate of 9%, which was adopted in 1982—"a period of high inflation that differed dramatically from our current interest rate environment," *Barrett v. Hartford Life & Accident Ins. Co.*, No. 10 Civ. 4600, 2012 WL 6929143, at *2 (S.D.N.Y. Nov. 9, 2012)—better reflects his actual damages than does the federal prime rate. As for considerations of fairness, the present record gives the Court no reason to believe that LINA's initial decision to deny Cohen benefits was malicious or unscrupulous; indeed, LINA acted relatively promptly to settle this lawsuit and to reinstate Cohen's benefits. And as for ERISA's remedial purposes, "the Court follows the example of others in this District, concluding that because of low interest rates in recent years, 'applying a 9 percent rate would provide a windfall to [Cohen] and would serve to punish [LINA], in contravention of the compensatory goal of ERISA.'" *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2017 WL 1929505, at *4 (S.D.N.Y. May 9, 2017) (quoting *Barrett*, 2012 WL 6929143, at *2). The Court therefore applies a prejudgment interest rate of 5%, which reflects the federal prime interest rate as of the date the parties settled this case.

It therefore remains only for the Court to apply the 5% rate to arrive at the total amount that LINA owes Cohen in prejudgment interest. In arriving at his initially requested total of $9,357.53, Cohen took the approach adopted in *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d

530 (S.D.N.Y. 2011), of calculating prejudgment interest with reference to a date midway through the insurer's delinquency period, *see id.* at 538–39. (Dkt. No. 25 at 14; *see also* Dkt. No. 24-3.) LINA has raised no objection to this method of calculation, and the Court therefore adopts it. Adhering to Cohen's proposed methodology, but replacing his preferred 9% interest rate with the 5% interest rate that this Court has now deemed applicable, the Court concludes that Cohen is entitled to an award of prejudgment interest in the amount of $5,198.63.

**IV.  Conclusion**

For the foregoing reasons, Cohen's motion for attorney's fees, costs, and prejudgment interest is GRANTED in part and DENIED in part.

The Clerk of Court is directed to close the motion at Docket Number 21 and to enter an award for Cohen in the amount of $710.49 in costs, $46,146.25 in attorney's fees, and $5,198.63 in prejudgment interest, for a total of $52,055.37.

SO ORDERED.

Dated: April 24, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge